UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONY RIPETTO, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   No. 4:12-CV-1191 (CEJ) |
| | ) |
| HEWITT-LUCAS BODY COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant Hewitt-Lucas Body Company, Inc., pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132.  Plaintiffs are members of the Joint Board of Trustees of the Pension Trust and the Welfare Trust, employee benefit plans of the District No.9, International Association of Machinists and Aerospace Workers union.  Defendant Hewitt-Lucas Body Company, Inc., is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA.  Plaintiffs allege that defendant failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement.  In their motion, plaintiffs seek $4,186.00 in delinquent contributions and $837.20 in liquidated damages.  Plaintiffs additionally seek $513.50 in attorney's fees and $419.98 in court costs.

The summons and a copy of the complaint were served on defendant on July 16, 2012. Defendant did not file an answer or other responsive pleading and, on September 12, 2012, the Clerk of Court entered default against defendant.

Discussion

"Entry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." United States v. $345,510.00 in Currency, No. Civ. 01-497 (PAMJGL), 2002 WL 22040, at *2 (D. Minn. Jan. 2, 2002). Rather, the grant of a default judgment is within the discretion of the Court. See Fingerhut Corp. v. Ackra Direct Marketing Corp., 86 F.3d 852, 856 (8th Cir. 1996). In considering a motion for default judgment, the Court is mindful that, by defaulting, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. See Taylor v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). Although factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven by the plaintiff, to a reasonable degree of certainty. See Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001). The district court must provide detailed findings regarding damage calculations, even in default judgments. Stephenson v. El-Batrawi, 524 F.3d 907, 916-17 (8th Cir. 2008) ("generic reference to evidentiary support for the damages determination" is insufficient).

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On April 9, 2012, defendant entered into an agreement to be bound by the terms of a collective bargaining agreement with District No. 9 from March 2, 1012 through September 4, 2012.  [Doc. #8-4].  The collective bargaining agreement requires defendant to make contributions to the funds for each hour worked by employees covered by the agreement.  Id. Articles XXIX and XXX.  Failure to make timely contributions subjects defendant to interest, court costs, and attorney's fees, id., and liquidated damages equal to 20% of the unpaid contributions.  See District No. 9 Pension Plan Effective Jan. 1, 2001, § 12.04 [Doc. #8-5]; Complaint ¶ 15 (§ 12.04 of Pension Plan and § 8.01 of Welfare Plan provide for recovery of liquidated damages in the amount of 20% of delinquent contributions) [Doc. #1].

Plaintiffs submit the affidavit of Paula Worlitz, Administrative Assistant with the Trusts.  Ms. Worlitz states that defendant owes $4,186.00 in contributions and $837.20 in liquidated damages for the period of March 2012 through September 2012.  Ms. Worlitz's affidavit is not accompanied by any reports or other documents pertaining to the hours worked by and wages paid to covered employees of Hewitt-Lucas Body Company, Inc., or the amounts claimed by the two funds.  Thus, plaintiffs have failed to establish damages to a reasonable degree of certainty and judgment cannot be entered at this time.  Plaintiffs will be given an opportunity to supplement their motion for default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs shall have until **November 1, 2012,** to file additional documentation to support their claims for delinquent contributions, and liquidated damages.

Failure to comply with this Order, without just cause or excuse, will result in dismissal of this action for failure to prosecute.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of October, 2012.